IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:  6:15-cv-01631-RBD-KRS

TIMOTHY ALLEN DAVIS, SR.,

    Plaintiff,

vs.

CITY OF APOPKA; ROBERT MANLEY, III,
in his individual capacity; RANDALL
FERNANDEZ in his individual capacity;
NICOLE DUNN, in her individual capacity;
ANDREW PARKINSON, in his individual
capacity; RUBEN TORRES, in his individual
capacity; MATTHEW REINDHART, in his
individual capacity; RAFAEL BAEZ, in his
individual capacity; MARK CREASER, in his
individual capacity;

    Defendants.
_____/

### DEFENDANT CITY OF APOPKA'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW Defendant, CITY OF APOPKA (hereinafter "CITY"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) and 12(f), hereby files this Motion to Dismiss Plaintiff's Third Amended Complaint and incorporated memorandum of law, and as grounds therefore would state as follows:

    **I. STATEMENT OF THE CASE AND PROCEDURAL HISTORY**

Plaintiff, initially a *pro se* litigant, filed an Amended Complaint on October 7, 2015, against seventeen Defendants. [Doc.3]. The Court then dismissed the Amended Complaint as a shot gun pleading. [Doc. 34]. Plaintiff, now represented by counsel, then filed the Second

Amended Complaint on November 30, 2015, against nine Defendants, including Defendant CITY. [Doc. 38]. In the Second Amended Complaint (hereinafter "SAC"), Plaintiff continued to allege violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution, as well as a number of alleged violations of state law. [Doc. 38]. All Defendants filed Motions to Dismiss. [Doc. 85, 86, 97, 98, 104].

This Court dismissed the Second Amended Complaint finding "…that the SAC suffers from several defects that render it insufficient to survive a motion to dismiss." [Doc. 114, p. 6]. Specifically, this Court found that, "[d]ue to its prolixity and needless repetition, the SAC misses the mark of simplicity required by Rule 8" and that there was "…no reason for the verbosity of the SAC given that Plaintiff only names nine defendants who have purportedly engaged in a relatively straightforward transaction of events." [Doc. 114, p. 6-7]. Additionally, this Court found that the SAC was a "…shotgun pleading in that it improperly lumps distinct claims and legal theories together in a single count and completely disregards Rule 10(b)'s requirement that discrete claims be plead in separate counts." [Doc. 114, p.7].

"[H]eeding the warning" of the United States Court of Appeals for the Eleventh Circuit that "… when cases are not 'pled clearly and precisely' in accordance with the requirements of Rules 8 and 10, 'issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice,'" this Court deemed the SAC as a "poster child for this admonition" and dismissed the Complaint. [Doc. 114, p. 8]. Moreover, the Court found that probable cause clearly existed on the face of the SAC, cautioning Plaintiff to amend those claims "…provided he can do so in good faith and in accordance with Rule 11." [Doc. 114, p. 12].

Amazingly, despite this Court's Order dismissing the SAC as a "far cry from 'simple, concise, and direct' as mandated by Rule 8(d)(1) or a 'short and plain statement of the claim[s]' as required by Rule 8(a)(2)," [Doc. 114, p. 6] Plaintiff has filed his Third Amended Complaint (TAC) which increased from ninety-three to one hundred and eighteen pages and from twenty-four counts to forty four[1] counts. [Doc. 38, 122].

Plaintiff not only failed to correct, but doubled down on the noted deficiencies in the SAC, making the TAC longer and less precise. Plaintiff also continues to lump distinct claims and legal theories together in single counts in direct contradiction to Rule 10(b) and this Court's Order. [Doc. 114, p. 31-34]. Moreover, and even **more** problematic is Plaintiff's reassertion of the claims for false arrest, malicious prosecution, or unlawful seizure, where this Court carefully cautioned Plaintiff that leave to amend was given so long as the claims could be pled in good faith and in accordance with Rule 11. [Doc. 114, p. 12; 122]. Yet, it remains patently obvious that Plaintiff has not pled those claims in good faith, as it is clear that probable cause existed for Plaintiff's arrest. The Defendant City's additional substantive arguments, now raised three times, still apply to Plaintiff's claims. Thus, Plaintiff's Complaint is due to be dismissed **again**.

Specifically, Plaintiff's claims still seem to arise out of his arrest on October 1, 2011, after police officers responded to a call at Plaintiff's home reporting that Plaintiff's son had been shot and after Plaintiff **admitted to having shot his son**. [Doc. 122, ¶¶ 45, 50, 51]. The claims brought, as relevant to Defendant CITY, are as follows: Count I – 42 USC §§ 1983: "False Arrest and Unreasonable Seizure in Violation of Fourth and Fourteenth Amendments;" Count II – 42 USC §§ 1983: "Unreasonable Search in Violation of Fourth and Fourteenth Amendments;"

---

[1] While the Counts are misnumbered [Doc. 122, p. 65-66; p. 112-16] and there appears to be a missing page with the beginning of what would appear to be Count XVIII [Doc. 122, p. 64-65], Defendant City believes that this is the intended number of counts.

Count XVIII[2] – False Arrest;  Count XXVI – Malicious Prosecution; and Count XXXV – Intentional Infliction of Emotional Distress.  [Doc. 122]. Plaintiff appears to be seeking compensatory damages, injunctive and declaratory relief, punitive damages, attorney's fees and costs. [Doc. 122].

Plaintiff's one hundred and eighteen (118) paged TAC **continues** to adhere to the well-known, but abhorred, "kitchen-sink" method of pleading, attempting to allege every possible cause of action including the kitchen sink.  Yet, despite Plaintiff's even lengthier TAC, Plaintiff has **still** completely failed to set forth any cognizable cause of action.  Defendant cannot reasonably be expected to answer or defend a Complaint as unclear and vague as Plaintiff's. Additionally, the TAC includes claims that are plainly not legally cognizable against the City of Apopka. Simply put, the TAC does not provide Defendant with the fair notice Defendant is entitled to under the Federal Rules. Moreover, as set forth in detail below, the claims are insufficient as a matter of law. As this is Plaintiff's fourth attempt to properly state a cognizable claim, the TAC should be dismissed with prejudice.

## II. MEMORANDUM OF LAW

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed "if the facts as plead do not state a claim for relief that is plausible on its face." *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-61 (11th Cir. 2009).  In considering a motion to dismiss, a court accepts all well-plead allegations as true and construes the allegations in the light most favorable to the non-moving party.  *Id*.  However, a court need not accept as true conclusory

---

[2] Again, it is not entirely clear, but it appears that there is a missing page and missing paragraphs 347-348 that may have been intended to be Count XVIII – False Arrest against Defendant City. [Doc. 122, p. 64-65].  Thus, in an abundance of good faith, Defendant will respond to the same.

4

allegations or "unfounded deductions of fact." *Id*. But rather, a plaintiff's allegations of fact must be sufficient to raise a right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Accordingly, "naked assertions devoid of further factual enhancement" will not suffice to state a claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

In testing the sufficiency of a plaintiff's allegations, the Court does not presume that the plaintiff can prove facts that are not stated, nor does the Court assume that the defendant has violated laws in ways not alleged. *Associated Gen. Contractors v. Cal State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Sinaltrainal*, 578 F. 3d at 1260-61. Thus, if the Complaint does not contain well plead allegations that "plausibly give rise to an entitlement of the relief," the action must be dismissed. *See Iqbal*, 139 S.Ct. at 1950.

### B. Plaintiff's Third Amended Complaint is Legally Deficient

Plaintiff must provide "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In addition to many other flaws, the Amended Complaint wholly fails to properly plead or allege sufficient facts to support each cause of action. The complete inadequacy of the factual allegations hinders Defendants' ability to prepare a defense and this Court's ability to address Plaintiff's claims.

In setting forth a claim, a plaintiff must provide a short and plain statement of the basis of the court's jurisdiction and the plaintiff's entitlement to and demand for relief. Fed.R.Civ.P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed.R.Civ.P. 10  Federal Rule of Procedure Rule 10(b) further requires separate causes of action to be pled in separate counts. Relevant facts should be segregated to each respective claim. *Beckwith v. Bellsouth Telecommunications, Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005).

Here, Plaintiff does not set out separate counts for each claim of relief, but instead, in Counts I and II, continues to comingle counts under the 4th Amendment and 14th Amendment of the United States Constitution. [Doc. 122, ¶¶ 169-187]. Additionally, despite the fact that Plaintiff's Count I, for example, contains one hundred and seventy seven [177] paragraphs, including the one hundred and sixty eight [168] paragraphs pled prior to Count I incorporated into this Count, this Count also completely fails to set forth the elements of any cognizable claim, as argued fully below. [Doc. 122, ¶¶ 169-177]. The same is true for all of the Counts pled against Defendant City. Thus, Plaintiff has certainly failed to set forth the elements of each cause of action, and, has, further, failed to set out each cause of action separately.

### C. Existence of Probable Cause

In its Order dismissing the SAC, the Court made a point to put Plaintiff on notice of its "skepticism" that Plaintiff's claims would not be barred by probable cause. Plaintiff's TAC adds nothing that materially alters what has already been pled, now three times, and dismissed twice by this Court. [Doc. 114, p. 11; Doc. 122].

As this Court has already found, "…the threshold question will be whether the law enforcement officers had at least arguable probable cause to believe that a crime had been committed by the Plaintiff." [Doc. 114, p. 11]. The Court also acknowledged the clearly established law of this Circuit that "'[t]he law does not require officers to take the possibility of self-defense into account when they arrive on the scene of a domestic disturbance.'" [Doc. 114, p. 11-12]. *See Gevarzes v. City of Port Orange*, No. 6:12-cv-1126-ORL-37DAB, 2013 WL 610456, at *5 (M.D. Fla. Feb. 19, 2013); *see also Sada v. City of Altamonte Springs*, 434 Fed. Appx. 845, 849 (11th Cir. 2011)(officers need not consider affirmative defenses in determining whether probable cause exists).

6

In the TAC, despite Plaintiff almost doubling the amount of general allegations, from eighty five (85) to one hundred and sixty eight (168) – the same basic allegations are still true: "Mrs. Davis had called 911 and informed them that Mr. Davis had had a confrontation with their son and that she believed her husband had shot;" "Defendant Officer Creaser asked Mr. Davis who had shot him, referring to Timmy…;" and "Mr. Davis told Defendant Officer Creaser, "I did… ." [Doc. 114, ¶¶ 45, 50, 51]. Thus, it is **undisputed** that Plaintiff admitted to having shot his son at the scene of the incident prior to be arrested.

While, Plaintiff has alleged that he told Defendants that he shot his son because his son "beat me up and kept coming at me" [Doc. 115, ¶ 51], as this Court found

> [e]ven if Plaintiff had been able to explain the situation fully on the scene and make [his] case to the officers for self-defense, probable cause still would have existed to arrest Plaintiff . . . because []he does not dispute that" he shot Timmy. *See id.*; *see also Brown v. Ridgway*, 845 F.Supp.2d 1273, 1276–1278 (M.D. Fla. Feb. 29, 2012) (finding that officers had arguable probable cause to believe that the plaintiff had committed aggravated assault where the plaintiff made a 911 call and admitted to the operator that he had shot someone, "albeit in self-defense").

[Doc. 114, p. 11-12]. Thus, even if there were facts pled, which there are not, to show that Plaintiff fully articulated a valid self-defense affirmative defense on the scene of the incident, the same is irrelevant – there is **no** dispute that Defendant responded to the scene upon being told that Timmy had been shot by Plaintiff and that, once on scene, Plaintiff openly admitted to Defendant that Plaintiff had shot Timmy. [Doc. 115, ¶¶ 50, 51]. Thus, just as it was on the face of the SAC, the existence of probable cause is **clear** on the face of the TAC.

As Defendant has argued previously, and as acknowledged by this Court [Doc. 114], the existence of probable cause is an absolute bar to Plaintiff's Section 1983 claim and Plaintiff's state law claims for malicious prosecution and false arrest. *See*; *Kingsland v. City of Miami*, 382 F.3d 1220, 1226, 1243-35 (11th Cir. 2004); *Rankin v. Evans*, 133 F.3d 1425, 1435-36 (11th Cir.

1998); *Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir.1990).

Moreover, on a motion to dismiss, the Court may consider documents attached to previously filed Complaints. *Gross v. White*, 340 Fed. Appx. 527, 534 (11th Cir. 2009) (holding that "[a] district court ruling on a motion to dismiss is not required to disregard documents that the plaintiff himself filed with his original complaint). In the Second Amended Complaint, Plaintiff refers to and attaches Exhibit C - "Order Denying Defendant's Amended Second Motion to Suppress Evidence (Search Warrant)." [Doc. 38, 38-1]. This Order only further establishes that there was probable cause for Plaintiff's arrest and subsequent prosecution. Specifically, the Order conclusively shows that sufficient evidence existed of Plaintiff's guilt to warrant his indictment by a grand jury on October 20, 2011. [Doc. 38-1].

Courts have held that where facts supporting an arrest are placed before an independent intermediary, such as a grand jury, the intermediary's decision breaks the chain of causation and insulates the initiating party. *Drudge v. City of Kissimmee*, 581 F. Supp. 2d 1176, 1186-87 (M.D. Fla. 2008) *(citing to Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir.1994). That is, the fact that a grand jury was tasked with determining whether there was probable cause to indict the Plaintiff and, did, ultimately, make such a finding, insulates the Defendant. Additionally, certainly, this more than establishes that there was probable cause to arrest Plaintiff.

Even the Verdict, attached as Exhibit A to the TAC, finding Plaintiff not guilty demonstrates probable cause existed to arrest Plaintiff. [Doc. 122, p. 122]. After Defendant arrested Plaintiff and Plaintiff was indicted for Second Degree Murder, Manslaughter, and Aggravated Battery by a grand jury, Plaintiff was tried for these charges before a Jury and the criminal Judge determined sufficient evidence existed for the case to go to a jury. That the criminal judge did not dispose of the criminal charges certainly establishes that there was

probable cause for Plaintiff's arrest. Otherwise, Plaintiff would never have been indicted, nor would the criminal Judge have permitted the claim to proceed to a jury.

Thus, there was certainly probable cause to have arrested Plaintiff. .

### D. 42 USC § 1983 Claims Fail as a Matter of Law

Plaintiff's Count I and II fail as a matter of law as Plaintiff has **still** not properly the §1983 claim(s). In the first instance, both Counts improperly comingle violations of the Fourth and Fourteenth Amendment. These are separate Counts which, per the Federal Rules of Civil Procedure, must be set out as separate causes of action. There are, additionally, no ultimate facts or any of the requisite elements to establish an unreasonable search or seizure as contemplated by the Fourth Amendment or a violation of Due Process or Equal Protection as contemplated by the Fourteenth Amendment.

#### i. Plaintiff Fails to Sufficiently Allege a Custom or Policy

It is axiomatic that the City cannot be held responsible for the actions of its officers on the basis of *respondeat superior*. *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Instead, In order to state a cause of action for a civil rights violation against a municipal entity, Plaintiff must allege and prove that the Constitutional deprivation resulted from "official policy or custom." *City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985).

It is well settled that only a "longstanding and widespread practice" will be deemed authorized by policymakers, sufficient to give rise to municipal liability. *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474 (11th Cir. 1991). In other words, Plaintiffs must allege that the City had a "persistent, pervasive practice attributable to a course deliberately pursued by official policymakers that resulted in the Constitutional deprivation." *Blair v. City of Cleveland*, 148 F.

Supp. 2d 894 (N.D. Ohio 2000). To hold otherwise would result in de facto *respondeat superior* liability, long prohibited under Section 1983.

Here, Plaintiff's Complaint seemingly attempts to allege liability by alleging that Defendant had a custom of allowing its Chief to "override established protocols, standard operating procedures, and clearly established state law according to his whim" and by failing to "adequately train its officers". [Doc. 122, ¶ 170, 171, 180, 181]. Specifically, Plaintiff seems to allege that Defendant CITY failed to properly train employees on 1) the City's domestic violence policy; 2) not to search a residence without a warrant; and 3) not to destroy or fabricate evidence. [Doc. 122, ¶ 171, 181].

The specific allegations of the TAC belie and contradict the general § 1983 boilerplate allegations of custom and policy. Here, rather than an established custom, Plaintiff alleges that he was arrested and prosecuted because of a bitter football rivalry including Chief Manley. This isolated vendetta is the exact opposite of the general and wide-spread custom or policy needed to establish municipal constitutional liability.

Also, "…there are only "limited circumstances" in which an allegation of a failure to train or supervise can be the basis for liability under § 1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (*City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). A plaintiff seeking to allege failure to train claims must also allege sufficient facts to demonstrate that the city was deliberately indifferent to his Constitutional rights. *See id.* Yet, in Plaintiff's TAC there is absolutely no allegation, not even in boilerplate form, that the City acted with deliberate indifference - let alone are there sufficient allegations to establish the unbelievably high standard to show deliberate indifference.

Deliberate indifference can be shown in one of two ways: pleading facts to show that the municipality knew of a specific need to train and made a deliberate choice not to take action or pleading facts to show that the type of training is so obvious that the failure to do so would evidence a deliberate indifference. *Gold*, 151 F.3d at 1350. "This court repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Id.* at 1351. Here, there are absolutely no allegations to show that Defendant City knew of any specific need to train and made a deliberate choice not to train, or that that the type of training was "so obvious" that the failure to do so would evidence a deliberate indifference. Again, the Court is not to presume that the plaintiff can prove facts that are not stated, nor does the Court assume that the defendant has violated laws in ways not alleged. *See Sinaltrainal,* 578 F. 3d at 1260-61.

Additionally, turning to the three items Plaintiff has claimed Defendant City failed to train on – as clearly established above, as a matter of law, Defendants were not required to eliminate and remove all possible defenses, like self-defense, before making an arrest. *See Sada*, 434 Fed. Appx. at 849. Instead, Courts have routinely found probable cause for arrests where a suspect claimed self-defense. *See Gevarzes*, 2013 WL 610546 at *5. Thus, not only are there no allegations that any failure to train on the "domestic violence protocol" was done out of deliberate indifference to Plaintiff's constitutional rights, nor that Defendant City was on any notice of a need to train in this regard, but, as a matter of law, Defendant City was not in any way required to assess Plaintiff's defense, like self-defense, before making the arrest. Plaintiff's "constitutional right" was not violated in this regard as, again, there is no requirement that Defendant City have considered and exhausted all of Plaintiff's potential defenses before making

the arrest.  Moreover, there is nothing in the Fourth or Fourteenth Amendments to the United States Constitution that guarantees one a right to compliance with a police department protocol.

As for the last two items Plaintiff claims there was a failure to train on – clearly, there is no requirement that Defendant City train its officers not to break the law or act improperly by tampering with evidence or illegally searching property.  Certainly, if an officer tampers or destroys evidence – that officer would be held individually liable for the same.  Moreover, again, there are no allegations that this "failure to train" was done in deliberate indifference or that there was any notice to the City of the need for such training.

Lastly, a municipality cannot be held liable under 42 USC § 1983 unless a municipal policy or custom **caused** a constitutional injury.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993).  That is, whether the basis of the claim is an officially promulgated policy or an unofficially adopted custom, there also **must** exist a causal link between the custom or policy and the deprivation.  *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 2435-6, 85 L.Ed.2d 791 (1985) (plurality opinion) (quoting *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981)).  Here, the Order attached to the SAC establishes that there was no constitutional violation to Plaintiff as a result of any search of Plaintiff's property.  The Trial Judge ultimately denied the Motion to Suppress Evidence on the basis that the evidence complained about by Plaintiff would have been discovered anyway, such that that Plaintiff suffered no harm and no damages.  That is, there was no constitutional harm to Plaintiff where the Trial Judge found that the evidence complained of would have been inevitably discovered pursuant to lawful process. [Doc. 38-1].

Again, all Plaintiff has done is alleged, loosely, and in a vaguely conclusory fashion, that

Defendant CITY had a custom of allowing Chief Manley to override protocol and procedures[3] and that Defendant CITY failed to train officers on domestic violence protocol, not to fabricate evidence, and not to search homes without a warrant. [Doc. 122]. This is insufficient to state a cause of action as a matter of law. Thus, all Counts brought against CITY pursuant to 42 USC § 1983 fail as a matter of law.

### ii. Count I – 42 USC §§ 1983: "False Arrest and Unreasonable Seizure in Violation of Fourth and Fourteenth Amendments" Fails as a Matter of Law

#### a. Fourth Amendment Claim Fails as a Matter of Law

As indicated above, Plaintiff has failed to set forth the requisite elements of this claim, has improperly comingled this claim with other claims, and, has not alleged any facts that can plausibly uphold this Count as against CITY. There are simply no factual allegations or elements pled that even come close to pleading a cause of action under the Fourth Amendment of the United States Constitution. Moreover, the existence of probable cause is an absolute bar to a Fourth Amendment claim. *See Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir.1990). As set forth above, there was certainly probable cause in the instant case. Thus, this claim must be dismissed with prejudice.

#### b. *Plaintiff's Fourteenth Amendment Claim Fails as a Matter of Law*

Plaintiff's purported Fourteenth Amendment claim also fails as a matter of law. There are simply no facts, nor elements, to establish this cause of action in any manner such that Plaintiff has wholly failed to set forth his cause of action as a matter of law.

It is not even clear whether Plaintiff's purported claim is an equal protection claim, or a due process claim. To the extent it is an equal protection claim – there are **no elements** and **no facts** pled upon which to base such a claim. To the extent Plaintiff is attempting to allege a

---

[3] If, as Plaintiff alleges, Chief Manley took over the investigation and prosecution of Plaintiff unlawfully due to a football rivalry, clearly the City could never be liable for such malicious actions.

substantive due process claim under the Fourteenth Amendment, it fails. It is long-standing precedent that when "an explicit textual source of constitutional protection" addresses particular governmental behavior, Courts must rely on the more explicit source of protection to analyze the claim, rather than the amorphous and open-ended concept of substantive due process. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). In the instant case, it is clear that Plaintiff's claims, even as so poorly pled, must be analyzed under Fourth Amendment standards. Plaintiff has certainly not shown that the Fourteenth Amendment due process clause, or equal protection clause, applies in the instant case. Consequently, any purported claim for a violation of the Fourteenth Amendment should be dismissed with prejudice.

### iii. Count II – 42 USC §§ 1983: "Unreasonable Search in Violation of Fourth and Fourteenth Amendments" Fails as a Matter of Law

#### a. Fourth Amendment Claim Fails as a Matter of Law

As indicated above, Plaintiff has failed to set forth the requisite elements of this claim, has improperly comingled this claim with other claims, and, has not alleged any facts that can plausibly uphold this Count as against CITY. There are simply no factual allegations or elements pled that even come close to pleading a cause of action under the Fourth Amendment of the United States Constitution. Thus, this claim must be dismissed with prejudice.

#### b. Plaintiff's Fourteenth Amendment Claim Fails as a Matter of Law

The same exact argument applies here as to Plaintiff's "Fourteenth Amendment Claim" pled in Plaintiff's Count I. There are no facts, nor elements, to establish this cause of action, nor is it even clear whether Plaintiff's claim is an equal protection claim, or a due process claim. However, there are **no elements** and **no facts** upon which to base an equal protection claim. Additionally, if Plaintiff is attempting to allege a substantive due process claim, it is long-standing precedent that when "an explicit textual source of constitutional protection" addresses

particular governmental behavior, Courts must rely on the more explicit source of protection to analyze the claim, rather than the amorphous and open-ended concept of substantive due process. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Again, it is clear that Plaintiff's poorly pled claims must be analyzed under Fourth Amendment standards. Thus, Plaintiff has not shown that the Fourteenth Amendment due process clause or equal protection clause applies in the instant case and any such claim should be dismissed.

### E. State Law Claims Fail as a Matter of Law

#### i. Count XVIII – False Arrest

In the first instance, Plaintiff has not even fully pled this claim at all – Defendant only, in good faith, presumes that Plaintiff meant to plead this claim based on the way in which the TAC was filed and, in an effort to address all of Plaintiff's claims head on, will address the same herein.

This claim fails as a matter of law for all of the pleading deficiencies as stated above. Moreover, if facts supporting an arrest are placed before an independent intermediary such as a grand jury, the intermediary's decision breaks the chain of causation, thereby insulating the initiating party. *Drudge*, 581 F. Supp. 2d at 1186-87. Thus, here, where a grand jury indicted Plaintiff for second degree murder, the grand jury's decision broke the chain of causation and insulates the Defendants for any claim of false arrest. Moreover, a false arrest claim fails where the officer has probable cause to make the arrest. *See Brown v. Ridgeway*, 845 F.Supp.2d 1273, 1278 (M.D. Fla. 2012). Certainly also, the criminal judge's determination that sufficient evidence existed for submitting this case to the jury, a standard far greater than mere probable cause, establishes conclusively that probable cause existed for Plaintiff's arrest. Again, as set forth above, certainly there was probable cause to arrest Plaintiff in the instant case. Thus, this

15

claim, to the extent it was even ever pled at all, fails as a matter of law.

### ii. Count XXVI – Malicious Prosecution

It is well established in Florida law that a plaintiff may not bring suit against a municipality such as the City of Apopka for malicious prosecution. *See Johnson v. State of Florida's Department of Health and Rehabilitative Services,* 695 So.2d 927, 930 (Fla.App. 2nd Dist.1997) ("Section 768.28(9)(a) bars an action for malicious prosecution against the state or its subdivisions arising from the malicious acts of their employees."); *Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1370 (M.D. Fla. 1999). Accordingly, the same must be dismissed against Defendant CITY with prejudice.

### iii. Count XXXV – "Intentional Infliction of Emotional Distress"

To state a claim for intentional infliction of emotional distress under Florida law, a plaintiff must allege: "(1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) proof that the conduct caused the severe emotional distress." *Gonzalez–Jimenez de Ruiz v. United States,* 231 F.Supp.2d 1187, 1199 (M.D.Fla.2002) (*citing Hart v. United States,* 894 F.2d 1539, 1548 (11th Cir.1990)). Pursuant to Florida Statute § 768.28, "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent ... committed with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).

In applying the same to a cause of action for intentional infliction of emotional distress, the "intent or reckless conduct" requirement of the intentional infliction of emotional distress claim is the equivalent of "willful and wanton conduct" described in Florida Statute §768.28(9)(a); *Zabriskie v. City of Kissimmee,* 6:10-CV-70-ORL-19KRS, 2010 WL 3927658 at

*4 (M.D. Fla. 2010). Accordingly, any claim of intentional infliction of emotional distress brought against Defendant CITY is barred by sovereign immunity. *See id.* Thus, this claim must also be dismissed. [4]

### F. Plaintiff is Not Entitled to Punitive Damages against Defendant City

Plaintiff is not entitled to punitive damages against Defendant City under any theory. Under federal law, municipal defendants are immune from punitive damages. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."). Additionally, under Florida law, a plaintiff asserting tort claims is not entitled to recover punitive damages against the state, its agencies, or its subdivisions. Fla. Stat. § 768.28(5); *Avallone v. Board of County Comm'r of Citrus County,* 493 So.2d 1002, 1004 (Fla.1986) ("Unlike private tortfeasors, government tortfeasors are not liable for punitive damages or prejudgment interest.").

Thus, to the extent Plaintiff has claimed that Plaintiff is entitled to punitive damages as against Defendant CITY, the same must be dismissed as a matter of law.

### III. CONCLUSION

By all measures, Plaintiff's Third Amended Complaint is entirely insufficient. Plaintiff has not stated a single claim against Defendant CITY upon which relief can be granted. As such, Defendant CITY moves this Court to dismiss Plaintiff's Second Amended Complaint.

### CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that on March 28, 2015, the foregoing was electronically filed with the Clerk of the Courts by using the CM/ECF system, which will furnish a copy to Charles E.

---

[4] Additionally, as a basis for this Count, Plaintiff asserts that officers employed by Defendant CITY provided perjured testimony. However, police officers enjoy the same absolute immunity as lay witnesses for their testimony both, at trial, *Briscoe v. LaHue,* 460 U.S. 325 (1983), or in front of the grand jury. *Kelly v. Curtis,* 21 F.3d 1544, 1553 (11th Cir.1994).

Emanuel, Esq., The Emanuel Firm, P.A., 545 Delaney Avenue, Bldg. # 9, Orlando, FL  32801;

**Meagan L. Logan, Esquire**, Marks Gray, P.A., Post Office Box 447, Jacksonville, FL  32201.

*/s/Patricia M. Rego Chapman*
JOSEPH R. FLOOD, JR., ESQ.
Florida Bar No. 0361593
PATRICIA M. REGO CHAPMAN, ESQ.
Florida Bar No. 85309
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel:  407-422-4310
Fax:  407-648-0233
JFlood@drml-law.com
PChapman@drml-law.com
Attorneys for Defendant

18