**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TIMOTHY ALLEN DAVIS, SR.,

      Plaintiff,

v.                                      Case No:  6:15-cv-1631-Orl-37KRS

CITY OF APOPKA; ROBERT MANLEY, III; RANDALL FERNANDEZ; NICOLE DUNN; ANDREW PARKINSON; RUBEN TORRES; MATTHEW REINDHART; MARK CREASER; and RAFAEL BAEZ,

      Defendants.

**ORDER**

This matter is before the Court on the following:

1. Plaintiff's Motion for Entry of Final Judgment Under Rule 54(b) and to Stay Further Proceedings Pending Appeal (Doc. 138), filed August 8, 2016;

2. Individual Defendants' Memorandum in Opposition to Plaintiff's Motion for Entry for Final Judgment under Rule 54(b) and Motion to Stay Further Proceedings Pending Appeal (Doc. 140), filed August 21, 2016; and

3. Defendant City of Apopka's Response to Plaintiff's Motion for Entry of Final Judgment Under Rule 54(b) and to Stay Further Proceedings Pending Appeal and Incorporated Memorandum of Law (Doc. 141), filed August 22, 2016.

For the reasons stated herein, Plaintiff's motion is due to be denied.

**BACKGROUND**

On September 30, 2015, Plaintiff Timothy Davis, Sr. ("**Plaintiff**") brought suit against the City of Apopka ("**City**") and eight Apopka Police Department employees ("**Individual Defendants**"), including Chief of Police Robert Manley, III, Captain Randall Fernandez, Detectives Andrew Parkinson, Ruben Torres, and Matthew Reinhardt, Officers Mark Creaser and Rafael Baez, and Crime Scene Technician Nicole Dunn. (*See* Doc. 1.)

In his Third Amended Complaint (Doc. 122 ("**Complaint**")), Plaintiff asserted several civil rights claims arising from Defendants' purported misconduct, which he alleged resulted in his arrest and subsequent prosecution. Specifically, Plaintiff asserted § 1983 claims for violations of his Fourth and Fourteenth Amendment rights based on: (1) his "false arrest and unreasonable seizure" (*id.* ¶¶ 169–77, 188–275) (Counts I, III, IV–X); and (2) the "unreasonable search" of his home (*Id.* ¶¶ 178–87, 276–353) (Counts II, XI–XVII). Plaintiff also asserted three state law claims against each Defendant for: (1) false arrest (*id.* ¶¶ 354–409) (Counts XVIII–XXV); (2) malicious prosecution (*id.* ¶¶ 410–500) **(Counts XXVI–XXXIV)**; and (3) intentional infliction of emotional distress ("**IIED**") (*id.* ¶¶ 501–599) (Counts XXXV–XXXXIII).

In March 2016, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. 127 (**"Joint MTD"**); Doc. 128 (**"City MTD"**).) On July 1, 2016, the Court granted the City MTD, dismissing all of Plaintiff's claims against the City with prejudice. (Doc. 133 ("**Dismissal Order**").) The Court also granted in part and denied in part the Joint MTD. (*Id.*) Specifically, the Court dismissed: (1) all of Plaintiff's false arrest and malicious prosecution claims against the Individual Defendants; and

(2) his unreasonable search claim against Officer Rafael Baez. (*Id.*) The only remaining claims are: (1) Plaintiff's claims for "unreasonable search" against all Individual Defendants except Officer Rafael Baez; and (2) Plaintiff's claims for IIED against all Individual Defendants.

Plaintiff now moves the Court to certify its Dismissal Order as a final appealable order pursuant to Rule 54(b) and stay further proceedings pending an appeal. (Doc. 138.) The City and Individual Defendants have responded (Docs. 140, 141), and the matter is ripe for adjudication.

## STANDARDS

Generally, a party may only appeal "final decisions of the district courts." 28 U.S.C.A. § 1291. However, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

To enter final judgment pursuant to 54(b), the court must first determine: (1) whether its decision is "final," that is, an ultimate disposition of an individual claim entered in the course of a multiple claim action; and (2) "whether there is any just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980); *see also Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). In making this determination, the court must "balance judicial administrative interests and relevant equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (per curiam). Consideration of these factors "preserves the historic federal policy against piecemeal appeals" and "limit[s] Rule 54(b) certification to instances

in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Id.* (citation omitted).

The decision that "there is no just reason for delay" is within the sound discretion of the district court. *Lloyd Noland Found., Inc.*, 483 F.3d at 778. Still, "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi*, 114 F.3d at 166. Therefore, the district courts must "exercise the limited discretion afforded by Rule 54(b) conservatively." *Id.*

## DISCUSSION

Assuming the Dismissal Order was "'final" within the meaning of Rule 54(b), the Court finds that it is not appropriate to enter judgment pursuant to the Rule as Plaintiff fails to establish that there is no just reason for delay. *See Curtiss-Wright*, 446 U.S. at 8 (explaining that "[n]ot all final judgment on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims").

Plaintiff contends that several grounds exist to justify the Court's certification of the Dismissal Order for immediate appeal. Specifically, Plaintiff asserts that an immediate appeal would: (1) "help effectuate a settlement agreement by clarifying the value and viability of [Plaintiff's] claims"; (2) "prevent substantial injustice to [Plaintiff] because otherwise he would be forced to fully litigate his secondary claims before he can receive a final determination as to whether his primary claims are viable"; (3) "support the interest of the parties and the public interest, because [Plaintiff's] claims present novel issues

4

regarding the relationship between § 1983's arguable probable cause standard and Florida's 'stand your ground' law"; and (4) eliminate the necessity of duplicative litigation in this Court. (Doc. 138 at 9–14.) However, Plaintiff's arguments lack merit and judicial administrative interests weigh strongly against an immediate appeal of the Court's Dismissal Order.

First, the Court rejects Plaintiff's argument that the entry of final judgment will help effectuate a settlement agreement. In actuality, settlement is very unlikely at such an early stage in the case.[1] Notably, the Court has already ruled in Defendants' favor on several claims. Indeed, the City refutes Plaintiff's argument and contends that "it would be in a much better posture to discuss settlement prior to an appeal should this matter continue to be litigated and reach finality in the trial court level." (Doc. 141, p. 5.)

Second, although Plaintiff believes he has been placed in a "costly procedural posture where he must fully litigate a set of secondary claims before he can pursue relief for the conduct that was the driving force of his lawsuit" (Doc. 138, p. 11), these concerns do not support certification under Rule 54(b) as a matter of law. In addition, the Court relied on well-established law to determine dismissal of Plaintiff's claims. As such, the claims do not present such novel issues as to warrant the entry of final judgment for immediate appeal.

Finally, contrary to Plaintiff's assertion, immediate appellate review would not substantially reduce the risk of duplicative litigation. All of Plaintiff's claims are closely related as they arise from the same October 1, 2011, incident and related events—that

---

[1] *Cf. United Techs. Corp. v. Heico*, 60 F. Supp. 2d 1306, 1309 (S.D. Fla. 1999) (determining that entry of judgment under Rule 54 could facilitate a settlement because a large amount of litigation had already taken place over the course of several years).

is, Plaintiff's arrest and the Individual Defendants' conduct after his arrest. Therefore, permitting appeal now would not advance the interests of sound judicial administration or efficiency. Rather, it could force the Eleventh Circuit to review the factual and legal landscape of the same incident in successive appeals. "In instances such as this, when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined," the Court must be "hesitant to employ Rule 54(b)." *Sperry Assocs. Fed. Credit Union v. Space Coast Credit Union*, No. 6:10-cv-1259-ORL-36, 2012 WL 4762128, at *2 (M.D. Fla. Oct. 5, 2012) (quoting *Ebrahimi*, 114 F.3d at 167).

Moreover, as the Eleventh Circuit explained, "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi*, 114 F.3d at 166. Plaintiff offers no other equitable concerns or considerations that would tip the scale in his favor, and he fails to demonstrate that there is no just reason for delaying entry of judgment. Consequently, the Court finds that Plaintiff's motion is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Final Judgment Under Rule 54(b) and to Stay Further Proceedings Pending Appeal (Doc. 138), filed August 8, 2016 is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 26, 2016.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record