## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**TIMOTHY ALLEN DAVIS, SR.,**

        **Plaintiff,**

**v.**                                         **Case No:   6:15-cv-1631-Orl-37LRH**

**CITY OF APOPKA, ROBERT MANLEY, III , RANDALL FERNANDEZ, NICOLE DUNN, ANDREW PARKINSON, RUBEN TORRES, MATTHEW REINDHART, MARK CREASER and RAFAEL BAEZ,**

        **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AGREED AND STIPULATED MOTION TO STAY THE TAXATION OF COSTS, ALTERNATIVELY, PLAINTIFF'S OBJECTION TO TAXATION OF COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 297)** |
| **FILED:** | **February 4, 2020** |

## I.    BACKGROUND.

       Plaintiff Timothy Allen Davis, Sr. ("Plaintiff") instituted this action against the above-named Defendants in September 2015.  Doc. No. 1.  On January 13, 2020, final judgment was entered in favor of the City of Apopka ("the City"), and against Plaintiff, following a jury verdict in

favor of the City.   Doc. Nos. 275, 281.[1]   The City thereafter filed a proposed Bill of Costs.   Doc. No. 287.   The City seeks to recover a total of $6,572.62 in costs, which includes:

- $440.00 for service of summons and subpoena;

- $1,872.10 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and

- $4,260.52 in fees for exemplification and the costs of making copies of any materials necessarily obtained for use in the case.

*Id.*

On February 4, 2020, Plaintiff filed an "Agreed and Stipulated Motion to Stay the Taxation of Costs, Alternatively, Plaintiff's Objection to Taxation of Costs."   Doc. No. 297.   In the motion, Plaintiff asks the Court to stay the taxation of costs pending resolution of all post-trial motions and subsequent trials or appeals.   *Id.* at 1–2.   He contends that the City's proposed Bill of Costs is premature and asserts that the City does not object to a stay of the issue.   *Id.* at 1, 6.   Alternatively, he asserts several objections to the Proposed Bill of Costs should the Court decide that a stay in not warranted.   *Id.* at 2–5.

The City has filed a response stating that although it initially asserted no objection to a stay, following a review of Plaintiff's motion, "he made incorrect arguments regarding a stay and added an alternative objection to the taxation of costs."   Doc. No. 300.   Therefore, the City responds in opposition to Plaintiff's objections and withdraws its consent to a stay of the taxation of costs.   *Id.* at 1.

The motion was referred to the undersigned, and the matter is ripe for review.

---

[1] The claims against the remaining Defendants were settled at mediation.   Doc. No. 162.

## II.     APPLICABLE LAW.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). "[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs." *Id.* at 1277 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)). Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which delineates the allowable costs as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under 28 U.S.C. § 1923;
>
> (6) Compensation of court appointed experts, interpreters, and costs of special interpretation services.

A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the

prevailing party." *Miles v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

## III.    REQUEST TO STAY TAXATION OF COSTS.

The Court has discretion to stay the taxation of costs. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 8:11-cv-775-T-24-TBM, 2015 WL 1169403, at *2 (M.D. Fla. Mar. 13, 2015) (citing *King Cole Condominium Association, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *2 (S.D. Fla. Aug. 12, 2010)).    Nonetheless, staying consideration of taxation of costs is the exception, not the rule.    "[C]ourts in this circuit typically decline to stay matters collateral to a final judgment, such as matters involving fees or costs issues, to avoid piecemeal appeals." *Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) (citing *King Cole Condo. Ass'n*, 2010 WL 3212091 at *1).[2]

In considering motions to stay collateral trial court proceedings, such as the issue of costs, pending an appeal, courts consider: (1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether the opposing party will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest. *Breedlove v. Hartford Life & Acc. Ins. Co.*, No. 6:11-cv-991-Orl-28TBS, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013).    Plaintiff has not addressed any of these factors in the instant motion, relying only on his argument that the City's motion is "premature."    Doc. No. 297, at 1–2.    Nor has the undersigned determined that these factors weigh in favor of granting a stay of the issue of costs pending resolution of post-trial motions and/or an appeal.    Accordingly, I recommend that Plaintiff's request for a stay be **DENIED**.    *See id.*

---

[2] An exception to this rule occurs when the parties agree to stay issues pending an appeal. *See Truesdell*, 2016 WL 7049252, at *2 (citing *King Cole Condo. Ass'n*, 2010 WL 3212091 at *1).    As discussed above, however, the City does not agree that a stay of the taxation of costs is appropriate. *See* Doc. No. 300.

## IV.     OBJECTIONS TO PROPOSED BILL OF COSTS.

Plaintiff challenges the City's requests for copying costs, as well as costs associated with transcripts and depositions.   Doc. No. 297.[3]   Each of Plaintiff's objections will be addressed in turn.

### A.     Copying Costs.

The City seeks $4,260.52 in "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."   Doc. No. 287, at 1.   The City itemizes these costs as follows:

- $558.99 (complete copy of the criminal proceedings for *State of Florida v. Timothy A. Davis*, Case No. 2011-CF-13424-A)

- $493.46 (copies of all records received from the State Attorneys' Office)

- $75.97 (copies of all of FDLE investigative records relating to the incident of 10/01/2011 involving Plaintiff)

- $443.00 (copies of Plaintiff's medical records from Florida Hospital)

- $330.30 (copies of Plaintiff's exhibits produced in response to Defendant's request to produce)

- $369.90 (copies of exhibits (photographs) produced by Plaintiff in response to Defendant's request to produce)

- $208.83 (copies of Plaintiff's exhibits produced in response to Defendant's request to produce)

- $482.15 (copies of exhibits (both Plaintiff and Defendant, trial notebooks)

---

[3]  Plaintiff does not challenge the $440.00 in requested costs for "service of summons and subpoena." *See* Doc. No. 287-1, at 5; Doc. No. 297.

- $1,297.92 (copies for use at trial 9984 x $0.13 each).

Doc. No. 287-1, at 3.

Plaintiff argues that the City has failed to be specific in its requested costs or specify how the items were necessary to the litigation or used at trial in this case. Doc. No. 297, at 4. Therefore, according to Plaintiff, the costs should be reduced or denied. *Id.* Plaintiff makes several specific objections in this regard, each of which will be addressed in turn.

    *1.*    *Copy of Criminal Proceedings in State of Florida v. Timothy A. Davis.*

The City submits an invoice from the Records Management Division of the Orange County courts demonstrating that it paid $558.99 in total costs for the court file in *State of Florida v. Timothy A. Davis*, Case No. 2011-CF-13424-A. Doc. No. 287-1, at 6–8.

Plaintiff takes issue with the City obtaining "the entire court file which includes obviously unnecessary documents," and argues that the City has failed to demonstrate which documents were necessary in this case. Doc. No. 297, at 2 & n.2; *see* Doc. No. 287-1, at 8. Plaintiff contends that the City's failure to properly identify the necessary costs requires that these costs be denied. *Id.* Plaintiff also argues that the City is not entitled to recover the $3.99 "credit card fee," which was a processing fee applied for obtaining copies of the court file. *Id.* at n.1; *see* Doc. No. 287-1, at 8.

The City responds that "[d]ocuments regarding the underlying criminal action, including the court file . . . were clearly obtained for use in this case," because "[i]ssues involving the arrest and prosecution of Plaintiff made up the bulk of Plaintiff's 43-count, 599-paragraph Third Amended Complaint." Doc. No. 300, at 4; *see* Doc. No. 122. The City also points to Plaintiff's initial disclosures, which listed several of the items Plaintiff challenges. Doc. No. 300, at 4.[4]

---

[4] The City has attached a copy of Plaintiff's initial disclosures to its response (Doc. No. 300, at 8–17), which lists, among other things, 15 depositions from Plaintiff's criminal proceedings; multiple excerpts from a November 2, 2012 criminal hearing; multiple excerpts of testimony and argument from two motion to suppress hearings; a tape recorded transcript of Timothy Davis; a motion to continue and motion to compel

The City's position is well taken.   Plaintiff placed at issue the case file from the underlying proceeding in *State of Florida v. Timothy A. Davis* by the allegations of his complaints.   *See, e.g.*, Doc. No. 122 (alleging claims against various defendant-officers and the City of false arrest; unreasonable search and seizure; and malicious prosecution; all of which relate to Plaintiff's arrest and prosecution in the underlying state court case).   Moreover, "use of information contained in a file is not a prerequisite to finding it was necessary to copy the file."   *W&O, Inc.*, 213 F.3d at 623 (citations omitted).

However, Plaintiff's objection to the $3.99 credit card fee, which the City does not address in its response, is also well taken.   *Cf. Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, No. 8:15-cv-990-T-23TGW, 2018 WL 3769953, at *2 n.4 (M.D. Fla. Aug. 9, 2018) ("[N]othing in Section 1920 permits taxing an 'AMEX' credit-card fee.").   Accordingly, I recommend that the Court reduce the recoverable costs for obtaining the file from the underlying state court proceeding by $3.99, resulting in a total of $555.00.

<blockquote>

2.      *Records from the State Attorney's Office.*
</blockquote>

The City submits an invoice documenting the cost of copies of the records from the State Attorney's Office totaling $493.46, which includes:

- Prints Native w/ Metadata Slipsheets - $34.88

- Prints – Color - $38.35 (59 prints @ $0.65 each)

- E-Labels Endorsement - $52.12

- Image Conversion (MS Office, etc.) - $109.20

- Prints w/ Assembly - $238.64

---

filed in the criminal case; grand jury documents; interviews of Tarsha Davis, Timothy Davis, and Tyra Davis; the suppression hearing ruling; and multiple documents from the criminal proceeding.

- Sales Tax - $20.27

Doc. No. 287-1, at 10.

Plaintiff asserts that the creation of metadata slip-sheets, e-labels, image conversion, and assembly of prints are not recoverable costs.   Doc. No. 297, at 3 & n.3.   Plaintiff also argues that the costs of color prints are not recoverable because the price of $0.65 per copy is unreasonable. *Id.*

The City again persuasively argues that "[d]ocuments regarding the underlying criminal action, including the . . . State Attorney records were clearly obtained for use in this case" based on the allegations of Plaintiff's complaint and Plaintiff's initial disclosures.   Doc. No. 300, at 4. However, the City does not address Plaintiff's specific objections to the costs for metadata slip-sheets, e-labels, image conversion, and assembly of prints.   *See id.*   Nor does the City address Plaintiff's contention that $0.65 per color copy is unreasonable.   *See id.*

Upon review, some of Plaintiff's objections are well taken.   First, the charge for "image conversion" does not appear to be a taxable cost under § 1920.   *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV-COHN/SELTZER, 2015 WL 11197752, at *9 (S.D. Fla. Dec. 29, 2015) (finding image conversion is not taxable); *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, No. 6:06-cv-1757-Orl-GJK, 2010 WL 11475708, at *8 (M.D. Fla. Aug. 25, 2010) (finding scanning and other electronic conversion charges not taxable).   Second, the charge for "e-label endorsement" is likewise not taxable under § 1920.   *See Hartford Accident & Indem. Co. v. Crum & Forster Specialty Ins. Co*., No. 10-CV-24590-JLK, 2012 WL 12866419, at *3 (S.D. Fla. Oct. 31, 2012) (finding no statutory authority to tax cost for e-label endorsement). Third, the City has provided no authority, and the undersigned has located none, authorizing recovery for "prints native w/ metadata slipsheets" pursuant to § 1920.

However, the "prints w/ assembly" charge was presumably paper copies of the documents, which are taxable. *See Harbor Communities, LLC v. Landmark Am. Ins. Co.*, No. 07-14336-CIV, 2009 WL 10668235, at *3 (S.D. Fla. Jan. 23, 2009) (finding charge for "Prints   w/ Assembly" was "presumably . . . paper copies for trial use which are taxable").

As it relates to the costs for color prints, Plaintiff has provided no authority demonstrating that $0.65 per print is per se unreasonable.[5] *Cf. Banta Props., Inc. v. Arch Specialty Ins. Co.*, No. 10-61485-CIV, 2014 WL 11517849, at *1 (S.D. Fla. Sept. 2, 2014) ("[T]here is no error in awarding between $.59 and $1.00 per page for color copies." (citing *Curry v. Montgomery*, No. 07-22899, 2010 WL 883798, at *6 (S.D. Fla. Mar. 9, 2010))).   Plaintiff makes no further objection to the color copying costs, and therefore I recommend that Plaintiff's objection to the costs for color copies be overruled.

In sum, I recommend that costs for the records from the State Attorney's Office be reduced by $196.20 ($34.88 (metadata slipsheets) + $52.12 (e-labels endorsement) + $109.20 (image conversion), for total costs in this category of $297.26.

> 3.   *Copies of FDLE Investigative Records.*

To support its request for $75.97 in costs for FDLE investigative records, the City submitted a letter demonstrating that it paid a $75.97 deposit after making a public records request.   Doc. No. 287-1, at 12–13.   Plaintiff argues that the City has failed to identify the documents obtained or explain how the documents were necessary in this case.   Doc. No. 297, at 3 & n.4.

The City again responds that the FDLE investigative records were necessary for use in this case in order to "combat Plaintiff's extensive allegations, all centered on his arrest and prosecution."

---

[5] Throughout the motion, Plaintiff cites *Crouch v. Teledyne Cont'l Motors, Inc.*, No. CIV.A. 10-00072-KD-N, 2013 WL 203408, at *8 (S.D. Ala. Jan. 17, 2013), for the general proposition that copying costs must be reasonable to justify recovery.   *Crouch*, however, does not address whether $0.65 per color copy is reasonable.

Doc. No. 300, at 4.   As explained above as it relates to the case file and the State Attorney's records from the underlying state court prosecution, the City's argument in this regard is well taken.   *See* Doc. No. 122 (Plaintiff's third amended complaint).   Accordingly, I recommend that Plaintiff's objection to the costs for copies of the FDLE investigative records be overruled.   *See W&O, Inc.*, 213 F.3d at 623 (citations omitted) ("Use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file. . . . [L]ike with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.").

> *4.   Copies of Plaintiff's Medical Records.*

The City has submitted an invoice demonstrating that it paid a total of $443.00 for copies of Plaintiff's medical records from Florida Hospital, which includes 441 pages at $1.00 per page, plus a $2.00 electronic delivery fee.   Doc. No. 287-1, at 15.

Plaintiff argues that the City's requests are "not specific and shed no light on how the items were necessary to the litigation or used in the trial of this matter."   Doc. No. 297, at 4.   Plaintiff further objects that $1.00 per copy is an unreasonable copying rate, and that based on the electronic delivery fee (which Plaintiff argues is not recoverable), it is unclear why copies were necessary given that the City obtained the documents electronically.   *Id.* at 3 & n.5.

The only response by the City in this regard is that the medical records "were actually incurred, reasonable, and recoverable under § 1920."   Doc. No. 300, at 5.   The record does not otherwise reflect how the City used Plaintiff's medical records in this case.

Absent additional explanation from the City, I recommend that the Court sustain Plaintiff's objections to the costs for copies of the medical records.   The City's "vague explanation of costs incurred to obtain these medical records is insufficient to warrant an award."   *See Taylor-Williams*

*v. Rembert*, No. 8:16-cv-87-T-33MAP, 2017 WL 637690, at *4 (M.D. Fla. Feb. 16, 2017) (citing

*W&O, Inc.*, 213 F.3d at 623 (stating "in evaluating copying costs, the court should consider whether

the prevailing party could have reasonably believed it was necessary to copy the papers at issue");

*Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (the party seeking an award of costs bears

the burden of submitting a request that enables the Court to determine whether those costs are

recoverable))).

Accordingly, I recommend that the City's requested copying costs be reduced by $443.00.

    *5. Copies of Plaintiff's Exhibits.*

The first invoice submitted by the City documents a total of $330.30 in costs for copies of

Plaintiff's exhibits produced in response to the City's request to produce.   Doc. No. 287-1, at 17.

The invoice documents:

- $24.77 in ebates/stamping (2,477 documents at $0.01/each)

- $185.92 for printed 8.5 x 11 copies (2,324 documents at $0.08/each)

- $99.45 in color copies (153 copies at $0.65/each)

- $20.16 in tax

The second invoice submitted by the City documents a total of $369.90 in costs for copies

of exhibits (photographs) produced by Plaintiff in response to the City's request to produce.   Doc.

No. 287-1, at 19.   That invoice includes as follows:

- $342.75 in 8.5 x 11 color printing (457 copies at $0.75/each)

- $4.57 in ebates/stamping (457 copies at $0.01/each)

- $22.58 in tax

The third invoice submitted by the City documents a total of $208.83 in copying costs for copies of Plaintiff's exhibits produced in response to Defendant's request to produce.   Doc. No. 287-1, at 21.   That invoice includes as follows:

- $193.50 in 8.5 x 11 color printing (258 copies at $0.75/each)

- $2.58 in ebates/stamping (258 copies at $0.01/each)

- $12.75 in tax

"Copies attributable to discovery" are a category of copies recoverable under § 1920(4). *W&O, Inc.*, 213 F.3d at 623.   However, Plaintiff argues that the City's requests are "not specific and shed no light on how the items were necessary to the litigation or used in the trial of this matter." Doc. No. 297, at 4.   Plaintiff further asserts that each of the itemizations for ebates/stamping are not recoverable costs.   *Id.* at 3–4 & n.6, n.7, n.8.   Plaintiff also argues that costs for color copies are not recoverable because the cost is unreasonable.   *Id.*

In response, the City only reiterates its conclusory assertion that the costs for the copies of exhibits produced by Plaintiff in discovery "were actually incurred, reasonable, and recoverable under § 1920."   Doc. No. 300, at 5.   The City provides no further explanation regarding the copying costs related to Plaintiff's exhibits.   *See id.*

"A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made."   *State Farm Mut. Auto. Ins. Co.*, 2010 WL 11475708, at *6 (quoting *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)); *see also Crouch v. Teledyne Continental Motors, Inc.*, Civil Action No. 10-00072-KD-N, 2013 WL 203408, at *25 (S.D. Ala. Jan. 17, 2013) ("Although the copies are identified as 'exhibits' or 'plaintiff's exhibits,' that is not sufficient for the court to determine the purpose of these exhibits and whether copies were necessary for use in the case or

extra copies made for convenience of counsel.").    Moreover, as Plaintiff correctly argues, "[m]any of the district court decisions within the Eleventh Circuit find the costs of bates labeling or stamping are not reimbursable because they are not mentioned specifically in § 1920, and/or are used as a matter of convenience."   *Bond Safeguard Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*., No. 6:13-cv-561-Orl-37DAB, 2015 WL 12835944, at *3 (M.D. Fla. Mar. 6, 2015) (collecting authority).    Accordingly, absent any further explanation from the City regarding the costs for copying Plaintiff's exhibits, I recommend that the Court decline to award the requested costs of $909.03.   *See id.* at *1 (noting that awarding costs is discretionary under § 1920).

> 6.    *Copies of Exhibits/Trial Notebooks.*

The City next seeks to recover $482.15 in copying costs for exhibits/trial notebooks, which includes:

- $125.51 in Light Litigation File Copies (1,141 copies at $0.11/each)

- $265.44 in Color Copies (336 copies at $0.79/each)

- $14.77 in 2-Hold Drill Copies, Prints, or Originals (1,477 copies at $0.01/each)

- $24.00 for Index Tabs (48 tabs at $0.50/each)

- $23.00 for Custom Index Tabs (23 tabs at $1.00/each)

- $29.43 in sales tax

Doc. No. 287-1, at 23.

Plaintiff again argues that these requested costs are not recoverable and that the rate for color copying is unreasonable.   Doc. No. 297, at 4 & n.9.   Plaintiff also argues that trial notebooks made for counsel's convenience are not taxable costs.   *Id.*   However, the City points out that the Court required "three binders containing the exhibits [to] be supplied to the Court at the outset on the first day of trial."   Doc. No. 300, at 5 n.2; *see* Doc. No. 120, at 17 (Case Management and Scheduling

Order requiring the parties to provide exhibit binders to the Court containing all exhibits to be used at trial, which included a Joint Exhibit Binder, Plaintiff's Exhibit Binder, and Defendant's Exhibit Binder); Doc. No. 239, at 3 ("In accordance with the CMSO, three binders containing the exhibits shall be supplied to the Court at the outset on the first day of trial.").

In general, "§ 1920 does not authorize recovery of . . . costs for binders, tabs, and technical labor." *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (citations omitted). However, "[t]he costs for binders, folders, labels and related items are reimbursable when used in conjunction with complying with an order specifically requiring them . . . ." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *7 (S.D. Fla. Feb. 2, 2016) (citation omitted); *see Brown v. Columbia Sussex Corp.*, No. 8:12-cv-1278-T-27EAJ, 2014 WL 12614502, at *3 (M.D. Fla. May 27, 2014) (citation omitted) ("[D]ocuments prepared for the Court's consideration are recoverable, whereas copies obtained only for the convenience of counsel, such as extra copies of filed papers, correspondence, and copies of cases are not.").

Based on the City's representation that these requested costs were incurred in producing the three exhibit binders as required by the Court, I recommend that the Court overrule Plaintiff's objections and find that these requested costs are recoverable under § 1920.[6]

### 7. *Copies for Use at Trial.*

The City seeks to recover $1,297.92 for "copies for use at trial." Doc. No. 287-1, at 3. It does not appear that the City filed any supporting invoice(s) for these requested costs. The City's documentation states that the "Provider" is "DRML," which could presumably be defense counsel's

---

[6] As previously discussed, I find that the copying rates of $.11 and $.79 per page are reasonable and recoverable.

law firm—Dean Ringers, Morgan & Lawton, PA—thereby making these "in-house" copies.  *See id.*

As discussed above, "[t]he party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case."   *Helms*, 808 F. Supp. at 1570 (citations omitted), *aff'd*, 998 F.2d 1023 (11th Cir. 1993).

Plaintiff argues that the City has failed to specify the documents referenced, and the City failed to demonstrate that the copies were necessary for trial and not just merely convenience copies for counsel.   Doc. No. 297, at 4 & n.10.   Given that the City again fails to address these costs with any specificity, only stating that copies of documents made for use at trial are recoverable, Doc. No. 300, at 5, Plaintiff's argument is well taken.  *See State Farm Mut. Auto. Ins. Co.*, 2010 WL 11475708, at *6 ("A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." (citing *Helms*, 808 F. Supp. at 1570)); *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (noting that general copying costs are "clearly nonrecoverable" under § 1920).

Accordingly, I recommend that the City's requested copying costs be further reduced by $1,297.92.

In sum, I respectfully recommend that the Court award the City total costs in "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" of $1,410.38.[7]

---

[7] Calculated by subtracting from the total requested costs of $4,260.52 (1) $3.99 in copying costs related to the criminal file; (2) $196.20 from the copying costs for records from the State Attorney's Office; (3) $443.00 for the copying costs related to medical records; (4) $909.03 in copying costs related to copies of Plaintiff's exhibits; and (5) $1,297.92 in copying costs for "copies to be used at trial."

**B.**   Costs Associated with Transcripts.

The City seeks $1,872.10 in "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."   Doc. No. 287, at 1.   The City itemizes these costs as follows:

- $312.50 for transcripts of the testimony of Timothy Davis; Tyra Davis; Tarsha Davis and the judge's ruling in the Stand Your Ground hearing in *State of Florida v. Timothy A. Davis*

- $290.00 for trial transcript excerpts of the testimony of Nichole Dunn; Tarsha Davis; and Timothy Davis in *State of Florida v. Timothy A. Davis*

- $10.50 for the transcript of the testimony of Tarsha Davis at the initial appearance hearing on October 7, 2011 in *State of Florida v. Timothy Davis*

- $100.00 for the court reporter's appearance at Plaintiff's deposition

- $623.25 for the deposition transcripts of Donald Heston; Jerome Miller; and Robert Manley taken on June 25, 2019

- $265.85 for Plaintiff's deposition transcript, taken on July 3, 2019

- $243.00 for transcripts of the trial testimony of Nichole Dunn; Tarsha Davis; and Timothy Davis from *State of Florida v. Timothy Davis*

- $16.50 for transcripts from a November 2, 2012 hearing containing witness excerpts of Timothy Davis; Tyra Davis; and Tarsha Davis, as well as the judge's ruling

- $10.50 for the balance due on the transcript of testimony of Tarsha Davis only in *State of Florida v. Timothy Davis*

Doc. No. 287-1, at 3–4, 27–42.

Plaintiff contends that the City is seeking costs for transcripts that were not necessarily obtained for use in the case, including the transcripts of Tarsha Davis and Timothy Davis from the state court trial; Tarsha Davis's testimony from the initial appearance hearing; and the testimony of Timothy Davis, Tyra Davis, and Tarsha Davis at the November 2, 2012 Stand Your Ground hearing. Doc. No. 297, at 5.   Plaintiff states that the City did not use these transcripts at trial or otherwise explain why the transcripts were necessarily obtained for use in this case.   *Id.*   Plaintiff also challenges a $20.00 fee for condensed transcript and $15.00 processing fees as it relates to Plaintiff's deposition.   *Id.*; *see* Doc. No. 287-1, at 35.

The City, on the other hand, argues that the costs are taxable even if the transcripts were not used at trial.   Doc. No. 300, at 5–6.   The City contends that Plaintiff's claims in this case were expansive, including claims against the City and Chief Manley[8] that they unlawfully searched his home, falsely arrested him, and maliciously prosecuted him.   *Id.* at 6.   Therefore, the City argues that Plaintiff's prior testimony, and the prior testimony of his family members, as it relates to the incident that gave rise to this litigation were necessary in this case, and "[i]t would probably be malpractice to not obtain those transcripts."   *Id.*   The City again notes that Plaintiff listed several of these transcripts on his initial disclosures.   *Id.*

Upon review, the City has the better of the arguments.   Clearly, Plaintiff's testimony as it relates to the underlying state court proceedings was relevant in this case.   *See* Doc. No. 122 (alleging claims against various defendant-officers and the City of false arrest; unreasonable search and seizure; and malicious prosecution; all of which relate to Plaintiff's arrest and prosecution in the underlying state court case).   Moreover, as the City argues, Plaintiff included a list of exhibits

---

[8] Chief Manley was the Chief of Police for the City of Apopka at the time of the underlying incident. *See* Doc. No. 206-1, at 4.

with his initial disclosures, which included, among other things, the deposition transcript of Robert Manley (Doc. No. 300, at 12 ¶ 21); excerpts of the November 2, 2012 hearing (*id.* ¶¶ 32–34, 36); statements from family members (*id.* ¶ 40); interviews of family members (*id.* ¶¶ 48, 50 (Tarsha & Tyra Davis)); transcripts experts of family member testimony (*id.* ¶¶ 73, 75 (Tyra Davis)); and the deposition of Nicole Dunn on August 2, 2012 (*id.* ¶ 18).   Therefore, as the City argues, Plaintiff placed these documents and testimonies at issue in this case.   *See In re Fundamental Long Term Care, In*c., 753 F. App'x 878, 883 (11th Cir. 2019) (cited as persuasive authority) ("Nothing in § 1920 requires that the deposition be taken as part of discovery in the same case in which a party requests taxation of costs.   It requires only that the transcripts be 'for use in the case.'").

Further, Robert Manley, Donald Heston, Jerome Miller, and Nicole Dunn were each listed by both parties as potential trial witnesses in this case.   Doc. Nos. 241, 246.   *See, e.g.*, *W&O, Inc*., 213 F.3d at 621 (citation and quotation marks omitted) ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [opposing part] might need the deposition transcripts to cross-examine the witnesses, and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.").   And it appears from other documentation filed on the record that the persons whose depositions Plaintiff questions were identified as witnesses to the underlying incident in this case.   *See, e.g*., Doc. No. 205-4, at 8.

However, Plaintiff's objections to the $20.00 fee for a condensed transcript and $15.00 for "processing, electronic transmission, and document retention" as it relates to the charges for the transcript of Plaintiff's deposition are well taken.   Doc. No. 287-1, at 35; *see HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863778, at *11 (M.D. Fla. Mar. 26, 2018), *report and recommendation adopted*, 2018 WL 1863779 (M.D. Fla. Apr. 13, 2018)

(citations omitted) ("Charges for condensed transcripts, summaries, scanning, and CD litigation packages are typically not recoverable because they are costs incurred for the party's convenience."); *Korsing v. United States*, No. 16-22190-CIV, 2019 WL 2255577, at *6 (S.D. Fla. Feb. 4, 2019), *report and recommendation adopted*, No. 16-22190-CIV, 2019 WL 2254951 (S.D. Fla. Feb. 20, 2019) ("[D]elivery of transcripts, as well as miscellaneous costs associated with depositions such as exhibit costs or condensed transcripts, are not taxable because they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case.").   The City does not address these costs in its response to Plaintiff's motion or otherwise provide authority demonstrating that these miscellaneous costs are recoverable under § 1920.

Accordingly, I recommend that the Court reduce the City's requested costs in this category by $35.00, for a total recovery of $1,837.10.

## V.      RECOMMENDATIONS.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part and DENY in part** Plaintiff's Agreed and Stipulation Motion to Stay the Taxation of Costs, Alternatively Plaintiff's Objection to Taxation of Costs (Doc. No. 297).   I recommend that Plaintiff's request to stay the taxation of costs be **DENIED**.   I further recommend that Plaintiff's objections to the City's Proposed Bill of Costs (Doc. No. 287) be **SUSTAINED in part and DENIED in part** as outlined herein.   I recommend that the Court **AWARD** the City total costs as follows:

1.    $1,410.38 in "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"

2.    $1,837.10 in "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."

      3.      $440.00 in "Fees for service of summons and subpoena"

Therefore, I recommend the Court award the City total costs of $3,687.48.    I recommend that the remainder of the costs sought by the City be denied.

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 25, 2020.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record