UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY ALLEN DAVIS, SR.,

    Plaintiff,

v.                                                       Case No. 6:15-cv-1631-Orl-37LRH

CITY OF APOPKA,

    Defendant.
_____

## ORDER

Before the Court is Plaintiff's Agreed and Stipulated Motion to Stay the Taxation of Costs, Alternatively, Plaintiff's Objection to Taxation of Costs. (Doc. 297 ("**Motion**").) On referral, U.S. Magistrate Judge Leslie R. Hoffman recommends granting in part and denying in part the Motion. (Doc. 302 ("**R&R**").) Defendant objected to the R&R. (Doc. 316 ("**Objections**").) On de novo review, the Objections are overruled, the R&R adopted, and the Motion granted in part and denied in part.

### I.    BACKGROUND

This case stemmed from alleged police misconduct during and after the investigation of the shooting of Plaintiff's son. (*See* Doc. 122.) Plaintiff sued Defendant for false arrest and the unlawful search of his home under 42 U.S.C. § 1983 and false arrest, malicious prosecution, and intentional infliction of emotional distress under Florida law. (*Id.* ¶¶ 169–87, 349–53, 410–19, 501–12.) The Court dismissed all of Plaintiff's claims against Defendant except the unlawful search claim. (*See* Docs. 133, 193.) Following a jury

trial, the Court entered final judgment for Defendant. (Docs. 275, 281.)

Defendant filed a proposed bill of costs, seeking $6,572.62 in costs: (1) $440.00 in fees for service of summons and subpoena; (2) $1,872.10 in fees for printed or electronically recorded transcripts; and (3) $4,260.52 in fees for exemplification and the costs of making copies of materials obtained for the case. (Doc. 287 ("**Bill of Costs**").) Plaintiff moved to stay taxation of costs pending resolution of all post-trial motions and appeals and objected to the Bill of Costs.[1] (Doc. 297.) Defendant responded, opposing the stay and contesting Plaintiff's objections. (Doc. 300 ("**Response**").)

On referral, Magistrate Judge Hoffman recommends denying Plaintiff's request to stay the taxation of costs, sustaining in part Plaintiff's objections to the Bill of Costs, and awarding Defendant $3,687.48 in costs. (Doc. 168.) Among other things, Magistrate Judge Hoffman recommends declining to award costs for copies of Plaintiff's medical records and documents Plaintiff provided in response to Defendant's production request because Defendant didn't show why these copies were necessary. (*Id.* at 10–13.)

Defendant objected to the R&R's findings on the costs for copies of Plaintiff's medical records and discovery-related materials. (Doc. 316, pp. 2–4 ("**Medical Records Objection**"); *id.* at 4–5 ("**Discovery Copies Objection**").) Plaintiff did not timely respond, so the matter is ripe.

II.     LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must

---

[1] The Motion states Defendant agreed to the stay (*see* Doc. 297, pp. 1, 5–6), but Defendant opposed the stay upon seeing the Motion (Doc. 300, pp. 1–3).

"make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

### III.   ANALYSIS

Defendant maintains it's entitled to costs for copies of Plaintiff's medical records and discovery-related materials produced by Plaintiff. (Doc. 316.) A prevailing party may receive costs, *see* Fed. R. Civ. P. 54(d), but such costs must be authorized by statute, *see U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Under 28 U.S.C. § 1920, allowable costs include "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In determining whether to allow copying costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623. The prevailing party must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted). Because only that party knows the purpose of copies, it cannot "simply make unsubstantiated claims

that such documents were necessary." *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993).

Defendant's Medical Records Objection concerns $443.00 in costs for copies of Plaintiff's medical records from Florida Hospital. (*See* Doc. 316, pp. 2–4; Doc. 287-1, p. 3.) Plaintiff objected to the Bill of Costs, arguing Defendant's request was "not specific and shed no light on how the items were necessary to the litigation or used in the trial of this matter." (Doc. 297, p. 4.) Plaintiff also argued the copy rates were unreasonable and it was unclear why Defendant needed print copies because it appeared to obtain an electronic copy of the documents. (*Id.* at 3 n.5.) In Defendant's Response, it stated only, "[t]he copying costs requested were actually incurred, reasonable, and recoverable under § 1920." (Doc. 300, p. 5.)

Because Defendant did not establish why these documents were necessary, the R&R correctly concluded Plaintiff's objection to costs for the medical records should be sustained.[2] (*See* Doc. 302, pp. 10–11); *see also, e.g.*, *Taylor-Williams v. Rembert*, No. 8:16-cv-87-T-33MAP, 2017 WL 637690, at *4 (M.D. Fla. Feb. 16, 2017) (finding that the "vague explanation of costs incurred to obtain the[ ] medical records is insufficient to warrant an

---

[2] Though Defendant now says the copies of medical records were obtained to defend the false arrest and malicious prosecution claims that put Plaintiff's medical condition at issue (*see* Doc. 316, pp. 2–4), the Court will not allow Defendant's Medical Records Objection to serve as a second—in this case, third—bite at the apple to show these copies were necessarily obtained for use in this case. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (finding that "a district court has discretion to decline to consider a party's argument when the argument was not first presented to the magistrate judge," such as when raised for the first time in objections to a magistrate judge's report and recommendation).

award" of copy costs (citations omitted)); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340–41 (M.D. Fla. 2002) (rejecting copying costs in their entirety where the prevailing party failed to provide enough information for the court to determine which copies were necessary). The Medical Records Objection is overruled.

Defendant's Discovery Copies Objection concerns $909.03 for copies of exhibits produced by Plaintiff in response to Defendant's production request. (Doc. 316, pp. 4–5; Doc. 287-1, p. 3.) Plaintiff objected, arguing Defendant failed to establish how these copies were necessary or provide enough documentation and description of the costs. (Doc. 297, p. 4.) Plaintiff also argued Defendant is not entitled to costs for "ebates stamping" and challenged the reasonableness of the color copy costs. (*Id.* at 3–4 nn.5–8.) Defendant's Response was the same conclusory statement: "The copying costs requested were actually incurred, reasonable, and recoverable under § 1920." (Doc. 300, p. 5.)

Although copies attributable to discovery may be recoverable under § 1920, *see W&O, Inc.*, 213 F.3d at 623, that ascription alone does not warrant recovery of all copying costs. *See, e.g., United States v. Eisai, Inc.*, No. 09-22302-CV-WILLIAMS/Turnoff, 2015 WL 11181727, at *7 (S.D. Fla. Mar. 30, 2015) (noting the prevailing party's burden to show the purpose of the copies and whether they were necessary even when considering copies for discovery). Because Defendant did not show how the copy costs were necessary, the R&R correctly concluded such costs should be disallowed. (*See* Doc. 302, pp. 11–13); *see also, e.g., Cullens*, 29 F.3d at 1494 (finding the court did not abuse its discretion in denying copying costs where the plaintiff failed to present evidence of why the copies were necessary); *Dillon v. Axxsys Int'l, Inc.*, No. 8:98-cv-2237-T-23TGW, 2006 WL 3841809, at *7

(M.D. Fla. Dec. 16, 2006) (rejecting copy costs due to "the plaintiffs' failure to describe the purpose of the copies"). The Discovery Copies Objection is also overruled.[3]

### IV. CONCLUSION

Having conducted an independent, de novo review of the portions of the record to which Defendant objected, the Court agrees with the findings and conclusions set forth in the R&R. So it is **ORDERED AND ADJUDGED**:

1. Defendant City of Apopka's Response and Objection in Part to Report and Recommendation on Plaintiff's Objection to Taxation of Costs (Doc. 316) is **OVERRULED**.

2. U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 302) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Plaintiff's Agreed and Stipulated Motion to Stay the Taxation of Costs, Alternatively, Plaintiff's Objection to Taxation of Costs (Doc. 297) is **GRANTED IN PART AND DENIED IN PART**:

---

[3] Defendant attached Plaintiff's response to its production request to the Objections and stated Defendant can provide the Court with a copy of the disc containing the exhibits printed. (Doc. 316, p. 5 n.3; Doc. 316-2.) Even if the Court were to consider this evidence presented for the first time with the Objections, *see supra* note 2, the attached response says nothing about the content or purpose of the exhibits (Doc. 316-2), and providing the Court a copy of the disc would likewise be unhelpful as it's not for the Court to review 2,700 pages of documents to determine whether they were necessarily obtained for use in the case (*see* Doc. 316, p. 5 n.3). *See Cullens*, 29 F.3d at 1494 (noting the prevailing party must present evidence "regarding the documents copied including their use or intended use"); *cf. St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 18-21365-Civ-COOKE/TORRES, 2019 WL 5291008, at *3 (S.D. Fla. Aug. 7, 2019) ("Plaintiff must do more than direct the Court to 120 pages of invoices and then leave it to the Court to determine whether those costs are necessary.").

  a.  Plaintiff's request to stay the taxation of costs (Doc. 297, pp. 1–2) is **DENIED**.

  b.  Plaintiff's objections to Defendant's Bill of Costs (Doc. 297, pp. 2–5) are **SUSTAINED IN PART AND OVERRULED IN PART** as outlined in the R&R (Doc. 302).

4. Defendant City of Apopka is **AWARDED** total costs of **$3,687.48**:

  a.  **$1,410.38** in "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case";

  b.  **$1,837.10** in "Fees for printed or electronically recorded transcripts necessary obtained for use in the case"; and

  c.  **$440.00** in "Fees for service of summons and subpoena."

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 20, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record